2025 IL App (1st) 241002

FIRST DISTRICT,
SIXTH DIVISION
June 20, 2025

No. 1-24-1002

|  |  |  |
|---|---|---|
| | ) | Appeal from the |
| DANIELLE TANGORRA, | ) | Circuit Court of |
| | ) | Cook County, Illinois. |
| Plaintiff-Appellant, | ) | |
| v. | ) | |
| | ) | No. 2023 CH 02644 |
| M&K AUTOMOTIVE, INC., | ) | |
| | ) | |
| | ) | Honorable |
| Defendant-Appellee. | ) | Joel Chupack, |
| | ) | Judge Presiding. |

JUSTICE GAMRATH delivered the judgment of the court, with opinion.
Presiding Justice Tailor and Justice Hyman concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff Danielle Tangorra appeals from the dismissal of her first amended complaint against defendant M&K Automotive, Inc. (M&K). Tangorra alleges in count I that M&K violated the Consumer Fraud and Deceptive Business Practices Act (Act) (815 ILCS 505/1 *et seq.* (West 2022)) by selling her a used vehicle "as is," thereby unlawfully disclaiming the 15-day/500-mile limited power train warranty under section 2L of the Act (*id.* § 2L). Tangorra alleges in count II that M&K violated section 2 of the Act in attempting to bind her to an invalid arbitration provision and refusing to pay her arbitration fees. See *id.* § 2. We affirm the dismissal of count I with prejudice and reverse the dismissal of count II and remand for further proceedings.

¶ 2                                 I. BACKGROUND

¶ 3    On April 30, 2022, Tangorra purchased a used 2014 Chevrolet Cruze from M&K. The written agreement consists of a buyer's guide (commonly referred to as a "window form") and a standard buyer's order. Tangorra's signature appears on the buyer's guide, which indicates the sale was "AS IS-NO WARRANTY." Tangorra's signature also appears on a separate page of the agreement above the handwritten statement: "No Extra Convey. As is."

¶ 4    The first page of the buyer's order contains the following bolded statement, set off from the rest of the document, under the heading "FOR USED VEHICLES ONLY":

"Illinois law requires that this vehicle will be free of a defect in a power train component for 15 days or 500 miles after delivery, whichever is earlier, except with regard to particular defects disclosed on the first page of this agreement. 'Power train component' means the engine block, head, all internal engine parts, oil pan and gaskets, water pump, intake manifold, transmission, and all internal transmission parts, torque converter, drive shaft, universal joints, rear axle and all rear axle internal parts, and rear wheel bearings. You (the consumer) will have to pay up to $100 for each of the first 2 repairs if the warranty is violated."

Under "Additional Terms and Conditions," the buyer's order states in all capital letters that the "window form *** overrides any contrary provision in the contract of sale."

¶ 5    The buyer's order also contains an arbitration provision, which provides either party "may choose" to have disputes resolved through arbitration through the American Arbitration Association (AAA) or another organization the buyer may choose subject to M&K's approval. It further provides that "[M&K] will pay [the consumer's] filing, administration, service or case management fee and [the] arbitrator or hearing fee all up to a maximum of $5000."

¶ 6        On October 29, 2022, six months after purchasing the vehicle, Tangorra filed a demand for arbitration through AAA, claiming M&K breached the implied warranty of merchantability under the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act (see 15 U.S.C. § 2301 *et seq.* (2018)) and violated sections 2 and 2L of the Act by selling her a "defective" vehicle. Tangorra did not enclose a filing fee because she believed M&K was required to pay. On December 11, 2022, AAA informed the parties that, because "the contract states that [M&K] will advance the consumer's portion of the filing fee," M&K is requested to advance a total of $3,250 for filing fees, expedited review, and the arbitrator's compensation deposit. M&K did not pay, so AAA closed the file.

¶ 7        On March 20, 2023, Tangorra filed a complaint against M&K, asserting two claims under the Act. The trial court dismissed the complaint without prejudice, leading Tangorra to file a first amended complaint. This operative complaint contains two counts: count I—violation of section 2L of the Act—and count II—violation of section 2 of the Act.

¶ 8        Count I seeks to void the purchase agreement based on M&K's alleged violation of section 2L by selling Tangorra the vehicle "as is" and attempting to disclaim the limited power train warranty in violation of the Act. Count I also alleges the warranty in the buyer's order violates section 2L(h) because it conflicts with the "as is" provision in the buyer's guide, making it no longer "conspicuous." 815 ILCS 505/2L(h) (West 2022). Count I seeks return of "all of [Tangorra's] money in exchange of taking the car back" but does not allege what, if anything, is wrong with the vehicle. Nor does it allege M&K breached the statutory 15-day/500-mile limited power train warranty.

¶ 9        Count II alleges M&K violated section 2 of the Act by attempting to bind Tangorra to an "invalid" arbitration provision, refusing to pay her fees, and submitting a "fraudulent arbitration

clause in every sale." Tangorra's complaint attaches the buyer's guide, the buyer's order, Tangorra's arbitration demand, and correspondence between the parties and AAA. On M&K's motion, the trial court dismissed Tangorra's complaint with prejudice under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2022)). Tangorra appeals.[1]

¶ 10                                        II. ANALYSIS

¶ 11        We review *de novo* a trial court's dismissal pursuant to section 2-615 of the Code of Civil Procedure. *Gatreaux v. DKW Enterprises, LLC*, 2011 IL App (1st) 103482, ¶ 10. A section 2-615 motion attacks the legal sufficiency of a complaint based on defects apparent on its face, including exhibits attached thereto. *Heastie v. Roberts*, 226 Ill. 2d 515, 531 (2007). When ruling on a section 2-615 motion, we construe the complaint in the light most favorable to the plaintiff, accepting all well-pleaded facts and reasonable inferences as true. *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. However, we "cannot accept as true mere conclusions unsupported by specific facts." *Id.* We also review *de novo* Tangorra's argument under sections 2 and 2L of the Act, which presents a question of law. See *Midwest Sanitary Service, Inc. v. Sandberg, Phoenix & Von Gontard, P.C.*, 2022 IL 127327, ¶ 19.

¶ 12                      A. Count I: Violation of Section 2L of the Act

¶ 13        Tangorra asserts the trial court erred in dismissing count I because M&K sold her the vehicle "as is," in violation of section 2L of the Act. She argues the section 2L limited power train warranty disclosure in the buyer's order conflicts with the "as is" provision in the buyer's guide and, because the terms of the buyer's guide override the buyer's order, this renders the warranty disclosure ambiguous and inconspicuous. M&K responds that, because the disclosure is

---

[1]M&K's brief requests Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994) sanctions against Tangorra for filing a frivolous appeal. At oral argument, M&K appropriately withdrew this request, recognizing the nonfrivolity of the appeal.

conspicuous, the agreement is not voidable. M&K also maintains that dismissal of count I was proper because Tangorra has failed to plead actual damage. We agree with this last point.

¶ 14      Section 2L of the Act creates an implied warranty of merchantability in the sale of certain used vehicles, certifying that the vehicle is " 'free of a defect in a power train component for 15 days or 500 miles after delivery, whichever is earlier.' " 815 ILCS 502/2L(h) (West 2022). The sale "may not exclude, modify, or disclaim the implied warranty of merchantability created under this Section 2L or limit the remedies for a breach of the warranty" before the warranty period has elapsed. *Id.* § 2L(c). "An attempt to exclude, modify, or disclaim" the 15-day/500-mile warranty or "limit the remedies for a breach *** renders a purchase agreement voidable at the option of the purchaser." *Id.* The purchase agreement is voidable unless it contains on its face or in a separate document the following conspicuous statement printed in boldface, 10-point or larger type, set off from the body of the agreement:

> " 'Illinois law requires that this vehicle will be free of a defect in a power train component for 15 days or 500 miles after delivery, whichever is earlier, except with regard to particular defects disclosed on the first page of this agreement. 'Power train component' means the engine block, head, all internal engine parts, oil pan and gaskets, water pump, intake manifold, *** and rear wheel bearings. You (the consumer) will have to pay up to $100 for each of the first 2 repairs if the warranty is violated.' " *Id.* § 2L(h).

Any person who violates section 2L commits an unlawful practice within the meaning of the Act. *Id.* § 2L(m).

¶ 15      The first page of M&K's buyer's order contains the exact language from section 2L(h) in bold, 10-point type, set off from the body of the agreement under a separate heading "FOR USED VEHICLES ONLY," and it is undoubtedly conspicuous. See Black's Law Dictionary

(12th ed. 2024) (defining "conspicuous" as "clearly visible or obvious; so written, displayed, or presented as to cause a reasonable person who is involved in a transaction to notice"). However, M&K's use of the outdated "as is" buyer's guide creates an ambiguity that could render the warranty meaningless. At a minimum, it excludes, modifies, or disclaims the implied warranty, which constitutes an unlawful practice under the Act.

¶ 16 Nevertheless, to support a private cause of action under section 2L, Tangorra still must plead and ultimately prove she suffered "actual damage as a result of" this violation of the Act. 815 ILCS 505/10a(a) (West 2022). We reject Tangorra's invitation to ignore section 10a(a)'s requirement and afford standing to private individuals who do not allege the elements of actual damage and proximate causation from a section 2L violation.

¶ 17 "When interpreting statutory language, we are to give effect to the plain and ordinary meaning, avoiding absurd, unreasonable, unjust, or inconvenient results." *Midwest Sanitary Service, Inc.*, 2022 IL 127327, ¶ 24. We also must "consider the statute in its entirety, the subject addressed, and the apparent intent of the legislature when it enacted the statute." *Id.*

¶ 18 When originally enacted in 1961, the Act did not expressly provide a private cause of action for violations. *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 148 (2002). This changed in 1973 when the legislature added section 10a(a) to the Act (*id.*), which creates a private right of action for "[a]ny person who suffers actual damage as a result of a violation of this Act." 815 ILCS 505/10a(a) (West 2022). The key difference is that private plaintiffs must show they have suffered actual damage from a defendant's violation of the Act. See *People ex rel. Madigan v. United Construction of America, Inc.*, 2012 IL App (1st) 120308, ¶ 15; see also *Oliveira*, 201 Ill. 2d at 149 ("a private cause of action brought under section 10a(a) requires proof of 'actual damage' " (quoting 815 ILCS 505/10a(a) (West 1996))). Conversely, the attorney general may

litigate a violation without proving actual damage. *Madigan*, 2012 IL App (1st) 120308, ¶ 15. "[D]amage is the loss, hurt, or harm which results from the injury." *Mulligan v. QVC, Inc.*, 382 Ill. App. 3d 620, 627 (2008).

¶ 19        Count I of Tangorra's complaint is completely devoid of allegations of actual damage resulting from M&K's violation of section 2L. For instance, Tangorra does not allege the vehicle's power train was defective or that she attempted to utilize the implied warranty within 15-day/500-mile period. The defect she complains about is M&K's statutory violation, but she fails to identify resultant harm. This is fatal to her claim under section 2L of the Act. See *Madigan*, 2012 IL App (1st) 120308, ¶ 22 (section 10a(a) mandates that actual damages be "a result of the violation" of the Act (internal quotation marks omitted)); *White v. DaimlerChrysler Corp.*, 368 Ill. App. 3d 278, 287-88 (2006) (affirmed dismissal of claim under the Act where plaintiff failed to plead actual damages with specificity).

¶ 20        Tangorra maintains that, because "[s]ection 2L is a new, self-contained statute," she is not required to plead actual damage. Not so. There is nothing in the Act suggesting section 2L operates in a vacuum. Section 10a(a) states, "[a]ny person who suffers actual damage as a result of a violation of this Act." 815 ILCS 505/10a(a) (West 2022). "[T]his Act" refers to all sections, including section 2L, which establishes a particular type of actionable "unlawful practice" under the Act. See *id.* § 2L(m) ("Any person who violates [section 2L] commits an unlawful practice within the meaning of this Act.").

¶ 21        In *Ainsworth v. Jidd Enterprises, LLC*, 2024 IL App (1st) 230938-U, ¶¶ 24-25, we held the plaintiff had to prove he suffered actual damage to support his private cause of action for a violation of section 2ZZ of the Act (815 ILCS 505/2ZZ (West 2018)). Section 2L is no different. Because Tangorra's count I fails to allege actual damage as a result of a violation of section 2L,

it does not plead a cognizable claim. Therefore, we affirm the dismissal of count I with prejudice.

¶ 22                    B. Count II: Violation of Section 2 of the Act

¶ 23        Tangorra contends the circuit court erred in dismissing count II of her complaint, which alleges a violation of section 2 of the Act based on M&K's failure to pay the arbitration fees to AAA in accordance with the arbitration provision contained in the standard buyer's order. We agree. After examining the complaint and its exhibits and construing the well-pleaded allegations in the light most favorable to Tangorra, we find sufficient facts in count II demonstrating a deceptive act or practice. See 815 ILCS 505/2 (West 2022) (under section 2 of the Act, unfair or deceptive practices in any trade or commerce are "unlawful").

¶ 24        "A breach of contractual promise, without more, is not actionable under the Consumer Fraud Act." *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100, 169 (2005). Relying on this premise, M&K argues count II alleges nothing more than a mere breach of contract. Not so. As pleaded in count II, M&K had knowledge that Tangorra demanded arbitration with AAA but refused to pay the required fees despite the clear language in the contract requiring M&K to pay. Count II alleges M&K "was not in good standing with AAA," "never intended to be in good standing and intended not to pay all along," and "still has not registered with the AAA." This leads Tangorra to conclude that the arbitration provision in her buyer's order, and every other sales contract, is fraudulent, resulting in "massive intentional breaches of contract" by M&K in violation of the Act.

¶ 25        While on its face the arbitration provision may not be fraudulent, we are struck by the fact AAA is named in M&K's form contract as the preferred arbitration organization even though M&K is not registered with it. By inserting AAA into the contract, M&K relies on its

national reputation and rules to give buyers the expectation that they will get a fair hearing by a panel of vetted arbitrators in the event of a dispute. Yet, M&K had no relationship with AAA at the time of contract formation, suggesting an attempt to mislead Tangorra and other consumers. This inference is well founded based on AAA's correspondence to M&K requesting that it remove the AAA reference from its arbitration provision "so that there is no confusion to the public regarding our decision" after M&K failed to adhere to AAA's policies.

¶ 26    AAA's letter attached to the complaint says that, under R-12 of the Consumer Arbitration Rules, businesses that provide for AAA arbitration in a consumer contract are obligated to submit their consumer agreement to AAA for review and inclusion on the Consumer Clause Registry. See Am. Arb. Ass'n, Consumer Arbitration Rules 16 (2020), https://www.adr.org/sites/default/files/Consumer-Rules-Web.pdf [https://perma.cc/9ZJB-K7EU]. AAA then reviews the agreement for material compliance with due process standards set out in its protocol and rules. Despite listing AAA in its consumer agreement, M&K had not submitted its consumer agreement to AAA for review and refused to pay the requisite fee. AAA offered to conduct an expedited review for M&K, but the offer went unanswered. So too did Tangorra's demand for arbitration and request that M&K pay her fees, as it was contractually obligated to do. This, coupled with the fact M&K uses a standard form contract, is enough to make the arbitration provision ring hollow and draw a reasonable inference that M&K engaged in deceptive conduct actionable under the Act.

¶ 27                                    III. CONCLUSION

¶ 28    We reverse the judgment of the circuit court of Cook County dismissing count II of Tangorra's first amended complaint and remand for further proceedings on count II. We affirm dismissal of count I with prejudice, noting, however, that continued use of the outdated "as is"

form may conflict with the statutory powertrain warranty and could raise concerns under the Act. See *Frequently Asked Questions for Dealers*, Ill. Att'y Gen., https://illinoisattorneygeneral.gov/ Page-Attachments/FAQforDealers.pdf (last visited June 5, 2025) [https://perma.cc/EX48-MDZ7]. Our decision in no way reflects on the merits of any future claim brought under different facts or with a properly pleaded complaint.

¶ 29      Affirmed in part and reversed in part; cause remanded.

*Tangorra v. M&K Automotive, Inc.*, **2025 IL App (1st) 241002**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2023 CH 02644; the Hon. Joel Chupack, Judge, presiding. |
| **Attorneys for Appellant:** | Dmitry N. Feofanov, of ChicagoLemonLaw.com, P.C., of Lyndon, for appellant. |
| **Attorneys for Appellee:** | Susan Chae Corcoran and Adam L. Frankel, of Leahy, Eisenberg & Fraenkel, Ltd., of Chicago, for appellee. |